1  **MULCAHY LLP**
2  James M. Mulcahy (SBN 213547)
   *jmulcahy@mulcahyllp.com*
3  Sherry S. Hamilton (SBN 262092)
   *shamilton@mulcahyllp.com*
4  Kevin A. Adams (SBN 239171)
   *kadams@mulcahyllp.com*
5  One Park Plaza, Suite 225
6  Irvine, California 92614
7  Telephone: (949) 252-9377
8  Facsimile: (949) 252-0090

9
   Attorneys for Plaintiff
10 CHRONIC TACOS ENTERPRISES, INC.

11

12           **UNITED STATES DISTRICT COURT**

13          **CENTRAL DISTRICT OF CALIFORNIA**

14

15 CHRONIC TACOS ENTERPRISES,        Case No.   **SACV10-01414 DOC (RNBx)**
16 INC., a California corporation,
                                     **COMPLAINT FOR:**
17          Plaintiff,
                                     **(1)  TRADEMARK INFRINGEMENT**
18      v.                           **-- 15 U.S.C. § 1114;**
19 CHRONIC TACOS HUNTINGTON          **(2)  VIOLATION OF SECTION 43(a)**
20 BEACH, INC., a California corporation;  **OF THE LANHAM ACT;**
21 ROB SLEENHOFF, an individual;     **(3)  COMMON LAW TRADEMARK**
22 LOES SLEENHOFF, an individual; and  **INFRINGEMENT; AND**
   DOES 1 through 10, inclusive,     **(4) UNFAIR BUSINESS PRACTICES**
23
24          Defendants.             **DEMAND FOR JURY TRIAL**
25
26
27
28

                            COMPLAINT

Plaintiff CHRONIC TACOS ENTERPRISES, INC. ("CTE") hereby alleges and complains as follows:

## INTRODUCTION

1. CTE is the franchisor of a unique branded system for operating authentic Mexican food restaurants and owner of the CHRONIC TACOS® trade name and related trademarks.

2. CTE is informed an believes that Defendants Chronic Tacos Huntington Beach, Inc., Rob Sleenhoff, and Loes Sleenhoff ("Defendants") have been and are utilizing the CHRONIC TACOS® propriety name and marks in the operation of a Mexican food restaurant in Huntington Beach, California ("Huntington Beach Location") without authorization.

3. CTE seeks an injunction ordering, among other things, the Defendants to stop operating the Huntington Beach Location as a CHRONIC TACOS and to stop infringing upon CTE's valuable and well-known marks. CTE also seeks damages for the Defendants' blatant acts of trademark infringement.

## PARTIES

4. Plaintiff CHRONIC TACOS ENTERPRISES, INC. ("Plaintiff" or "CTE" herein) is a California corporation, registered with the California Secretary of State, with its headquarters and principal place of business at 1317 Calle Avanzado, San Clemente, California. CTE is the franchisor of the "CHRONIC TACOS"® system of franchised restaurants (referred to as "CTE restaurants" herein for simplicity).

5. Defendant CHRONIC TACOS HUNTINGTON BEACH, INC. ("CTHB") is a California corporation, registered with the California Secretary of State, with its headquarters and principal place of business at 4206 Spindrift, Newport Beach, California.

6. Defendant ROB SLEENHOFF ("ROB") is an individual who is a citizen of the State of California, believed to be residing now and at all relevant times in Orange County, California.

1    7.    Defendant LOES SLEENHOFF ("LOES") is an individual who is a citizen

2  of the State of California, believed to be residing now and at all relevant times in Orange

3  County, California.

4    8.    Plaintiff is unaware of the true names and capacities of Defendants named

5  Does 1 through 10 and therefore sue these Defendants by fictitious names.  Each of the

6  Doe Defendants is and was responsible or liable in whole or in part for the acts and

7  omissions alleged in this Complaint.

8    9.    At all times mentioned herein, Defendants, and each of them, were the

9  agents, servants, and employees of each of the remaining Defendants and were, in doing

10  the things complained of, acting within the scope of their agency and/or employment,

11  and acting with the full knowledge or subsequent ratification of their principals or

12  employers.

13    10.    Except as may be indicated to the contrary, Defendants CTHB, ROB,

14  LOES, and  Does 1 through 10 are referred to collectively as "Defendants" herein.

## JURISDICTION AND VENUE

16    11.    This United States District Court has subject matter jurisdiction over the

17  claims asserted herein pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and

18  1338(a), and the Lanham Act, 15 U.S.C. § 1051, et seq..  This Court also has jurisdiction

19  over the state law claims alleged herein pursuant to 28 U.S.C. § 1338(b) and

20  supplemental jurisdiction under 28 U.S.C. § 1367.

21    12.    The United States District Court for the Central District of California is the

22  proper venue for this action pursuant to 28 U.S.C. § 1391(b), as the Defendants have

23  transacted business and committed acts of infringement in this District, and a substantial

24  part of the events giving rise to this action occurred in this District.

## COMMON ALLEGATIONS

26  **A.    The CTE System and Marks**

27    13.    Chronic Tacos, Inc. ("CTI") was established in December of 2001 and

28  opened the first Chronic Tacos restaurant on July 2, 2002 in Newport Beach, California.

14.     Through the expenditure of time, skill, effort and money, CTI developed and was the sole and exclusive user of a distinctive food service system (the "CTI System").

15.     CTI acquired the exclusive rights to the "CHRONIC TACOS" name through the continuous and exclusive use of the mark in interstate commerce beginning on July 2, 2002 in connection with the operation of the Newport Beach restaurant and the operation of restaurants owned by its affiliates.

16.     Chiba Hut became the registered owner of the name "CHRONIC" on October 1, 2002 and was the exclusive user of the mark until it assigned the mark to CTI in January of 2006

17.     In May of 2005, CTI granted CTHB a temporary license to use the CTI System and the "CHRONIC TACOS" name in the operation of a Mexican restaurant at the Huntington Beach Location pursuant to a stock purchase agreement that expressly conditioned such right on the continued ownership of stock by Randall Wyner and Dan Bielo, both of whom were shareholders of CTI.

18.     In November of 2006, CTE acquired all of the common law rights to the CTI System and the "CHRONIC TACOS" and "CHRONIC" names has since held the sole and exclusive right to use the distinctive CTI System (hereinafter, the "CTE System") and the "CHRONIC TACOS" and "CHRONIC" names. The CTE System includes, among other things, the following elements:

a.     Methods and procedures for the preparation and serving of food and beverage products;

b.     Special ingredients, confidential recipes for food products and distinctive service accessories;

c.     Methods of achieving quality control and procedures designed to be advantageous to CTE restaurant operators and consumers;

1        d.   Plans and specifications for distinctive premises, featuring

2    characteristic interior and exterior style; design, décor, furnishings, equipment

3    layout and interior and exterior signage;

4        e.   A uniform method of operating which is described in the "CTE

5    Confidential Manual of Operations" and in other communications to franchisees

6    (all such other communications and any supplements or additions thereto being

7    hereinafter collectively referred to as "the CTE Confidential Manual");

8        f.   Distinctive and characteristic trademarks and service marks,

9    including without limitation, "Chronic Tacos," "Chronic," and other related

10   trademarks, service marks, trade names, and all ancillary signs, symbols, or other

11   indicia used in connection or conjunction with said marks, whether or not

12   registered with the United States Patent and Trademark Office (the "CTE

13   Marks");

14       g.   A public image that each CTE restaurant is a unit in an established

15   restaurant system and that all are operated with uniform standards of service and

16   product quality and portions; and

17       h.   Such exclusive trade secrets as have been and may from time to time

18   be developed, which are owned by CTE and which are disclosed to its franchisees

19   in confidence in connection with the construction and operation of CTE

20   restaurants.

21       19.   The CTE Marks have been used exclusively by CTI and CTE and their

22   designated licensees in connection with the operation of the CTE restaurants pursuant to

23   the CTE System.  There are more than 30 CTE outlets located in California, Arizona,

24   Nevada, Idaho and Canada.  The following principal CTE trademarks, service marks,

25   and commercial symbols, among others, have been registered by CTE on the Principal

26   Register of the United States Patent and Trademark Offices ("PTO"):

27

28

| CHRONIC TACOS | Registration No. 3317453 (October 23, 2007) |
| CHRONIC | Registration No. 2627712 (October 1, 2002) |

20.    The foregoing registrations are in full force and effect and cover the goods and services identified on the registration certificates.  These registrations are valid, subsisting, and incontestable under the Lanham Act, 15 U.S.C. § 1065.

21.    The name "Chronic Tacos" has become universally associated with a unique and particular plan of food service operation.  CTE owns common law trade name rights and trademark rights in the name "Chronic Tacos" and the other CTE Marks.  By virtue of the long use and promotion and resulting fine public reputation of the trade name "Chronic Tacos," there is secondary meaning in the name "Chronic Tacos" and the CTE Marks in that the public associated the products sold in connection with the CTE Marks as originating from a single source.

22.    The CTE Marks have become valuable assets of substantial and inestimable worth to CTE.  The CTE Marks are symbols of quality foods served by CTE's chain of restaurants.

23.    CTE has a vital economic interest in protecting its name and the CTE Marks.  The preservation and protection of its name and the CTE Marks are essential to the maintenance of the quality of CTE restaurants and the goodwill and reputation associated with them.

**B.    Defendants' Temporary License Was Terminated**

24.    In December of 2009 Defendants' temporary license to use the "Chronic Tacos" ® proprietary name, the CTE System and CTE Marks in the operation of a Mexican food restaurant at the Huntington Beach Location terminated when Randall Wyner and Dan Bielo ceased to be shareholders in CTHB.

1        25.    Thereafter, CTE offered Defendants an opportunity to become a franchisee,

2  and among other things, to extend their license to use the "Chronic Tacos" ® proprietary

3  name and CTE Marks.

4        26.    In January of 2010, Defendants acknowledged that they have no right to use

5  the "Chronic Tacos" ® proprietary name, the CTE System and CTE Marks and

6  represented that they intended to sign a franchise agreement.

7        27.    Defendants have failed to sign a franchise agreement, but have continued to

8  use the "Chronic Tacos" ® proprietary name and CTE Marks without authorization and

9  in violation of the CTE System.

10        28.    Upon the expiration of their temporary license to operate at the Huntington

11  Beach Location, Defendants have repudiated the CTE System and have deviated from

12  the quality and standards required of those using the CTE Marks.

13        29.    Defendants are harming the CTE Marks and damaging the established

14  goodwill associated with those marks by, among other things, failing to purchase

15  products from approved vendors, interfering with vendor relationships with other CTE

16  restaurants, failing and refusing to comply with the quality standards associated with the

17  CTE System, failing to honor company-wide promotions and loyalty cards, and

18  engaging in action which have and continue to materially harm the goodwill associated

19  with the CTE Marks.

20        30.    On August 26, 2010, after it became clear to CTE that Defendants had no

21  intention of executing a franchise agreement and following the CTE System, CTE

22  delivered to Defendants a written demand requesting that Defendants immediately cease

23  and desist from utilizing the "Chronic Tacos"® proprietary name and CTE Marks in the

24  operation of their restaurant at the Huntington Beach Location.  The written demand

25  specifically warned Defendants that, among other things, they were required to

26  immediately:

27        (1) "Enter into a CHRONIC TACOS® franchise agreement and comply with the

28            obligations set forth therein; or

1  (2) De-identify their restaurant and discontinue any and all further use of the trade
2  name CHRONIC TACOS®, or any confusingly similar variation thereof, in
3  association with the marketing, sale, distribution, or identification of their
4  business or services.
5  A copy of the written demand with proofs of service is attached hereto as <u>Exhibit A</u>.
6  **E.     The Defendants' Brazen Infringement**
7  31.     Defendants brazenly disregarded the written demand and have continued to
8  operate at the Huntington Beach Location as a Chronic Tacos restaurant, using CTE's
9  service marks, trademarks and trade names, blatantly infringing upon CTE's intellectual
10 property rights therein.
11 32.     Despite being put on notice of their unlawful behavior, Defendants continue
12 to operate what appears in all respects to the public to be an authorized CTE restaurant at
13 the Huntington Beach Location.

**FIRST CLAIM FOR RELIEF**

For Trademark Infringement -- 15 U.S.C. §§ 1114(a)

(Against All Defendants)

17 33.     CTE repeats, realleges and incorporates by reference the preceding
18 paragraphs of its Complaint as though fully set forth herein.
19 34.     CTE is the owner and has the exclusive right to use and sublicense to others
20 various trademarks and service marks, which are registered in the United States Patent
21 and Trademark Office pursuant to the Lanham Act (15 U.S.C. §§ 1051 and 1053) (the
22 "CTE Registered Marks").  Several of the CTE Registered Marks are incontestable
23 under Section 15 of the Lanham Act, 15 U.S.C. § 1065.
24 35.     CTE has given notice to the public of the registration of the CTE Registered
25 Marks as provided in the Lanham Act, 15 U.S.C. § 1111.  In addition, the registration of
26 the CTE Registered Marks operates as constructive notice, to Defendants and anyone
27 else, of CTE's claim of ownership of the CTE Registered Marks, pursuant to 15 U.S.C. §
28 1072.  The certificates of registration of the marks are prima facie evidence of the

1  validity of the registered marks, the registration of the marks, of CTE's ownership of the
2  marks, and of CTE's exclusive right to use the registered mark in commerce on or in
3  connection with the goods or services specified in the certificates, pursuant to 15 U.S.C.
4  §1057.

5      36.    CTE has developed the CTE Registered Marks at great expense, such that
6  they are valuable and irreplaceable assets today.  The CTE Registered Marks have
7  become favorably known in the minds of the purchasing public generally throughout
8  California and in Arizona, Nevada, Idaho and Canada as indicating the source, origin,
9  and quality of CTE's products and services.

10      37.    CTE polices the use of its trademarks and service marks, and demands high
11  quality and compliance with their standards to protect the value of those marks.

12      38.    Defendants' authority to use the CTE System and the CTE Marks expired in
13  December of 2009.

14      39.    Despite the demand by CTE, Defendants have failed to cease doing
15  business as a CTE restaurant at the Huntington Beach Location.  Defendants have also
16  failed to cease and discontinue the use of CTE Registered Marks and continue to use,
17  without license or other right, the CTE Registered Marks (as well as other CTE Marks
18  and the CTE System).  Defendants also continue to hold themselves out as a franchisee
19  of CTE.

20      40.    Defendants' continued use in interstate commerce of the CTE Registered
21  Marks and CTE System is an infringement of CTE's rights in those marks in violation of
22  15 U.S.C. § 1114(1) and infringes upon CTE's goodwill, reputation, trademarks, and
23  service marks; creates a likelihood of injury to CTE's business reputation, causes
24  substantial likelihood of confusion as to the relationship, if any, between CTE and
25  Defendants, creates the appearance that Defendants are a duly licensed franchisee of
26  CTE, and otherwise competes unfairly with CTE.

27
28

41.     Defendants' acts of infringement of the CTE Registered Marks have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

42.     CTE is entitled to recover from Defendants damages allowed under 15 U.S.C. § 1117, including but not limited to compensatory damages suffered as a result of Defendants' acts of infringement, disgorgement of Defendants' profits, trebled profits or damages (whichever amount is greater), reasonable attorneys' fees, costs, and prejudgment interest.

43.     Notwithstanding its entitlement to monetary relief, Defendants' acts of infringement of the CTE Registered Marks also have caused and will continue to cause irreparable injury to CTE if not restrained by this Court.  CTE has no adequate remedy at law, and therefore seeks preliminary and permanent injunctive relief under 15 U.S.C. § 1116.

## SECOND CLAIM FOR RELIEF

For False Designation/Unfair Competition -- 15 U.S.C. § 1125(a)

(Against All Defendants)

44.     CTE repeats, realleges and incorporates by reference the preceding paragraphs of its Complaint as though fully set forth herein.

45.     Defendants' authority to operate a CTE restaurant at the Huntington Beach Location and to use the CTE System and CTE Marks expired in December of 2009.

46.     Without authorization, and with the intent and purpose of misleading the public, Defendants have used and continue to use the CTE System and CTE Marks in the operation of what appears to the public as an authorized CTE restaurant at the Huntington Beach Location.

47.     Defendants' unlicensed use of the CTE System and CTE Marks is a false designation of origin and/or false representation, and constitutes the utilization of false descriptions and representations in interstate commerce because Defendants are falsely

representing themselves to the public as a franchisee of CTE and the restaurant at the Huntington Beach Location as an authorized CTE restaurant.

48.   Defendants' acts are in violation of 15 U.S.C. § 1125(a).

49.   Defendants have caused and will continue to cause irreparable injury to CTE, if not restrained by this Court.  CTE has no adequate remedy at law, and therefore seeks injunctive relief under 15 U.S.C. § 1116.

50.   Defendants' acts of infringement of the CTE Marks have been and continue to be deliberating, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

51.   CTE is entitled to recover from Defendants damages allowed under 15 U.S.C. § 1117, including but not limited to compensatory damages suffered as a result of Defendants' acts of unfair competition, disgorgement of Defendants' profits, trebled profits or damages (whichever amount is greater), reasonable attorneys' fees, costs, and prejudgment interest.

## THIRD CLAIM FOR RELIEF

For Common Law Trademark Infringement

(Against All Defendants)

52.   CTE repeats, realleges and incorporates by reference the preceding paragraphs of its Complaint as though fully set forth herein.

53.   This claim arises under the applicable common law relating to trademark infringement and unfair competition. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of unfair competition joined with a substantial and related claim under the Trademark Laws of the United States, and under the principles of supplemental jurisdiction as set forth at 28 U.S.C. § 1367.

54.   CTE has the exclusive rights, title and interest in the distinctive food service system, trademarks, service marks, trade names and all ancillary signs, symbols or other indicia used in connection or conjunction with said marks used by CTE by virtue of

CTE's extensive sale and distribution of products and services bearing such trademarks, service marks, trade names and all ancillary signs, symbols, or other indicia used in connection or conjunction with said marks (collectively the "CTE Common Law Trademarks"), as set forth in the preceding paragraphs of this Complaint.

55.   Defendants' unauthorized use of the CTE Common Law Trademarks constitutes trademark infringement and unfair competition.

56.   It is likely to cause confusion and mistake in the minds of the trade and the purchasing public as to the source of the infringing products and services and to cause the public to believe Defendants' infringing products and services are authentic products of CTE when, in fact, they are not.

57.   By such actions in infringing the CTE Common Law Trademarks, Defendants are improperly trading upon CTE's reputation and goodwill and are impairing CTE's valuable rights to the CTE Common Law Trademarks.

58.   Upon information and belief, these activities of Defendants constitute willful and intentional acts of infringement of the CTE Common Law Trademarks and unfair competition in total disregard of CTE's proprietary rights, and were done despite the Defendants' knowledge that the use of the CTE Common Law Trademarks or any reproduction, copy, or colorable imitation thereof was and is in direct contravention of CTE's rights.

59.   CTE has suffered loss of profits and Defendants have earned profits in an amount to be proven at trial as the result of the aforesaid acts of the Defendants.

60.   As a direct and proximate cause of all of the conduct described above, CTE has been damaged in an amount to be determined at trial.

61.   Further, CTE has no adequate remedy at law.  Defendants' conduct has caused and, if not enjoined, will continue to cause, irreparable harm and damage to the rights of CTE and the CTE Common Law Trademarks and to the business, reputation and goodwill of CTE.

62.     By reason of the forgoing, CTE is entitled to preliminary and permanent injunctive relief against Defendants, restraining further acts of trademark infringement.

## FOURTH CLAIM FOR RELIEF

For Unfair Business Practices

(Cal. Bus. & Prof. Code §§ 17200 et seq.)

(Against All Defendants)

63.     CTE repeats, realleges and incorporates by reference the preceding paragraphs of its Complaint as though fully set forth herein.

64.     As alleged above, Defendants have engaged in deceitful, deceptive, unfair, and/or unlawful practices which have caused CTE to suffer actual injury.

65.     The foregoing conduct of Defendants constitutes unfair business practices and/or unfair competition under California Business and Professions Code §§ 17200 *et seq.*

66.     Defendants have acquired money or property or other benefits in amounts to be proven at trial as a direct and proximate result of Defendants' unfair competition and/or unfair business practices directed at CTE.

67.     Defendants should be ordered to restore and/or disgorge to CTE all money or property or other benefits gained by Defendants as a direct and proximate result of Defendants' unfair competition and/or unfair business practices directed at CTE. Defendants should also be enjoined from further engaging in the foregoing acts of unfair business practices or unfair competition.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CTE prays for judgment in its favor:

1.     On the First Claim for Trademark Infringement:  for recovery of all damages allowed under 15 U.S.C. § 1117, including but not limited to compensatory damages suffered as a result of Defendants' acts of infringement, disgorgement of Defendants' profits, trebled profits or damages (whichever amount is greater), reasonable attorneys' fees, costs, and prejudgment interest, as well as the issuance of a

1 | preliminary and permanent injunction restraining Defendants, and all others acting in
2 | concert with them, from using the CTE Registered Marks or the CTE System;

3 |     2.    On the Second Claim for Violation of Section 43(a) of the Lanham Act:  for
4 | recovery of all damages allowed under 15 U.S.C. § 1117, including but not limited to
5 | compensatory damages suffered as a result of Defendants' acts of infringement,
6 | disgorgement of Defendants' profits, trebled profits or damages (whichever amount is
7 | greater), reasonable attorneys' fees, costs, and prejudgment interest, as well as the
8 | issuance of a preliminary and permanent injunction restraining Defendants, and all
9 | others acting in concert with them, from using the  CTE System and the CTE Marks and
10 | representing themselves to the public as a franchisee of CTE;

11 |     3.    On the Third Claim for Common Law Trademark Infringement:  for
12 | compensatory damages, disgorgement of profits, and the issuance of a preliminary and
13 | permanent injunction restraining Defendants from continuing to use the CTE Common
14 | Law Trademarks;

15 |     4.    On the Fourth Claim for Unfair Competition and Unfair Business Practices:
16 | for an order that Defendants restore and/or disgorge to CTE all money or property or
17 | other benefits gained by Defendants as a direct and proximate result of Defendants'
18 | unfair competition and/or unfair business practices directed at CTE and an injunction
19 | enjoining Defendants' acts of unfair competition and unfair business practices;

20 |     5.    For prejudgment interest; and

21 |     6.    For such other and further relief as the Court may deem just and proper.

DATED: September 17, 2010       **MULCAHY LLP**

By: _____
       James M. Mulcahy
       Kevin A. Adams
       Attorneys for Plaintiff
       CHRONIC TACOS ENTERPRISES, INC.

# DEMAND FOR JURY TRIAL

Plaintiff Chronic Tacos Enterprises, Inc. hereby demands a trial by jury on all issues triable by a jury.


DATED:  September 17, 2010                    **MULCAHY LLP**


                                              By: _____
                                                  James M. Mulcahy
                                                  Kevin A. Adams
                                              Attorneys for Plaintiff
                                              CHRONIC TACOS ENTERPRISES, INC.

# EXHIBIT A

# Mulcahy LLP

August 26, 2010

*VIA PERSONAL SERVICE*

Rob Sleenhoff
Loes Sleenhoff
4206 Spindrift Road
Newport Beach, CA 92663

Rob & Loes Sleenhoff
Tommy & Lisa Chau
Chronic Tacos Huntington Beach
328 11th Street
Huntington Beach, CA 92648

Re:   **Demand to Immediately Cease and Desist**

Dear Owners of Huntington Beach Restaurant:

We represent Chronic Tacos Enterprises, Inc. ("CTE"), the franchisor of a unique branded system for operating authentic Mexican food restaurants and owner of the CHRONIC TACOS® trade name and related trademarks.

**THIS LETTER REQUIRES YOUR IMMEDIATE ATTENTION.**

CTE has acquired rights under Federal Trademark Registration Nos. 78,821,722 (filed February 23, 2006), 78,179,190 (filed October 28, 2002), 77,346,013 (filed December 6, 2007), 77,192,462 (filed May 29, 2007), and 76,234,604 (filed April 4, 2001), for the CHRONIC TACOS® marks in connection with the operation of Mexican food restaurants. CTE's federal registration of the marks provides them with certain proprietary rights. This includes the right to restrict the use of the trademark, or a confusingly similar trademark, in association with confusingly similar products or services.

We have been informed that you are utilizing the CHRONIC TACOS® proprietary name and marks in the operation of a Mexican food restaurant in Huntington Beach, California. We have been further informed that CTE has offered you an opportunity to become a franchisee at a discounted rate, and with it, among other things, a license to use the CHRONIC TACOS® name and marks. To date, you have refused CTE's offer but continue to use the CHRONIC TACOS® name and marks in the operation of your business.

# Mulcahy LLP

Your unauthorized use of the CHRONIC TACOS® marks infringes on CTE's trademark rights in violation of the Lanham Act, 15 U.S.C. § 1051, et seq., and California Business and Professions Code, sections 14200 through 14212, as well as State common law proscribing unfair competition, misappropriation and deceptive business practices. Moreover, the quality of services and products provided at your restaurant are not uniform with the CHRONIC TACOS® system. As a result, your use of the CHRONIC TACOS® name and marks creates a likelihood of consumer confusion that will undoubtedly diminish the distinctive quality and value of CHRONIC TACOS® brand.

**As a result of your unlawful actions, CTE demands that you immediately (1) enter into a CHRONIC TACOS® franchise agreement and comply with all obligations set forth therein, OR (2) de-identify your restaurant and discontinue any and all further use of the trade name CHRONIC TACOS®, or any confusingly similar variation thereof, in association with the marketing, sale, distribution, or identification of your business or services.** This includes the immediate discontinuation of all advertising and promotional materials using the CHRONIC TACOS® name and marks, or any variation thereof, in either printed or electronic form, including web-pages, advertisements, stationary, business cards, invoices, vehicles and the like. Further, you will be required to immediately discontinue use of, and return to CTE, all recipes, training handbooks, operation manuals, franchisee lists, and any other tangible items containing or displaying the CHRONIC TACOS® proprietary marks, graphics or logos. **You will also be prohibited from using any of CTE's recipes and other items listed above unless you enter into a CHRONIC TACOS® franchise agreement and comply with all terms and obligations set forth therein.**

**Should you fail to comply with the above demand within 10 days of your receipt of this letter, CTE will commence legal action against you.** This includes, but is not necessarily limited to, filing suit and seeking preliminary and permanent injunctive relief, recovery of CTE's lost profits, seizure and destruction of infringing materials displaying the CHRONIC TACOS® marks, enhanced damages for willful infringement and recovery of court costs and attorneys' fees.

Please take notice that as a result of the foregoing violations, federal law entitles CTE:

> ... to recover (1) defendants' profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. The court shall assess such profits and damages or cause the same to be assessed under its direction. In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed. In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. ... Such sum in either of the above circumstances shall constitute compensation and not a penalty. The court in exceptional cases may award reasonable attorney fees to the prevailing party. 15 U.S.C. § 1117.

# Mulcahy LLP

CTE expressly reserves all rights and remedies it may have at law or in equity, including the right to bring an action against you and/or your company for its unlawful actions to date, and this letter should in no way be viewed as a complete statement of all potential claims CTE may have against you or your company, or of the facts supporting those claims.

If you have any questions, please contact me directly.

Sincerely,

James M. Mulcahy

| *Attorney or Party without Attorney:*<br>JAMES M. MULCAHY, ESQ., Bar #213547<br>MULCAHY LLP<br>1 PARK PLAZA<br>SUITE 225<br>IRVINE, CA  92614<br>*Telephone No:* (949) 252-9377    *FAX No:* (949) 252-0090 | *For Court Use Only* |
|---|---|
| *Attorney for:* | |
| *Insert name of Court, and Judicial District and Branch Court:*<br><br>:<br>: | *Ref. No. or File No.:* |

| **PROOF OF SERVICE** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:* |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the LETTER DATED AUGUST 26, 2010 RE: DEMAND TO IMMEDIATELY CEASE AND DESIST

*3. a. Party served:*                            Rob & Loes Sleenhoff/ Tommy & Lisa Chau/ Chronic Tacos Huntington Beach
    *b. Person served:*                           Frank "Doe", Authorized to accept service of process

*4. Address where the party was served:*             328 11th Street
                                            HUNTINGTON BEACH, CA  92648

*5. I served the party:*
    a. **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of
    process for the party (1) on: Thu., Aug. 26, 2010 (2) at: 7:40PM

*7. Person Who Served Papers:*                       Recoverable Cost Per CCP 1033.5(a)(4)(B)
    a. Thomas  Gatewood                  d.   *The Fee for Service was:*   $113.49

                                             e.   I am: (3)  registered California process server

**First Legal**

    301 Civic Center Drive West                 *(i)*    Independent Contractor
    Santa Ana, CA 92701
    Telephone      (714) 541–1110          *(ii)*   *Registration No.:*     2153
    Fax               (714) 541–8182          *(iii)*   *County:*             Orange
    www.firstlegalnetwork.com

*8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

    Date:Wed, Sep. 01, 2010

                                                    *(Thomas  Gatewood)*

    **Judicial Council Form**                    **PROOF OF SERVICE**
    **Rule 2.150.(a)&(b) Rev January 1, 2007**                                         9237151;gg,jamemu.214857

| Attorney or Party without Attorney:<br>JAMES M. MULCAHY, ESQ., Bar #213547<br>MULCAHY LLP<br>1 PARK PLAZA<br>SUITE 225<br>IRVINE, CA  92614<br>Telephone No: (949) 252-9377      FAX No: (949) 252-0090<br><br>Attorney for:<br> | For Court Use Only |
|---|---|
| Ref. No. or File No.: | |
| Insert name of Court, and Judicial District and Branch Court:<br>:<br>: | |

| **PROOF OF SERVICE** | Hearing Date: | Time: | Dept/Div: | Case Number: |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the LETTER DATED AUGUST 26, 2010 RE: DEMAND TO IMMEDIATELY CEASE AND DESIST

*3. a. Party served:*          Rob Sleenhoff/Loes Sleenhoff

*4. Address where the party was served:*          4206 Spindrift Road
                                                  NEWPORT BEACH, CA  92663

*5. I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the (1) on: Thu., Aug. 26, 2010 (2) at: 5:13PM

*7. Person Who Served Papers:*                       Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. Timothy Bercovitz               d.   *The Fee for Service was:*   $73.41
   b. **FIRST LEGAL SUPPORT SERVICES**            e.  I am: (3)  registered California process server
      301 CIVIC CENTER DRIVE                 *(i)*   Independent Contractor
      SANTA ANA, CA  92702                *(ii)   Registration No.:*      1803
   c. 714-541-1110                       *(iii)  County:*          Orange

*8.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date:Tue, Aug. 31, 2010

Judicial Council Form          PROOF OF SERVICE          (Timothy  Bercovitz)
Rule 2.150.(a)&(b) Rev January 1, 2007                               9237059;kc.jamemu.214427

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| CHRONIC TACOS ENTERPRISES,  INC., a California corporation | CHRONIC TACOS HUNTINGTON BEACH,  INC., a California corporation; ROB SLEENHOFF, an individual; LOES SLEENHOFF, an individual; and DOES 1 through 10, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| James M. Mulcahy (SBN 213547), Sherry S. Hamilton (SBN 262092), Kevin A. Adams (SBN 239171), MULCAHY LLP, 1 Park Plaza, Suite 225, Irvine, CA 92614; (949) 252-9377 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No    ☑ **MONEY DEMANDED IN COMPLAINT:** $ N/A

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)
Trademark Infringement-15 U.S.C Section 1114;  Violation Section 43(a) of Lanham Act; Common Law Trademark Infringement; Unfair Business Practices

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | **IMMIGRATION** | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**   Case Number:   **SACV10-01414 DOC (RNBx)**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date September 17, 2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV10-1414 DOC (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [X] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

James M. Mulcahy (SBN 213547)
Sherry S. Hamilton (SBN 262092)
Kevin A. Adams (SBN 239171)
MULCAHY LLP
One Park Plaza, Suite 225
Irvine, CA 92614  (949) 252-9377



## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRONIC TACOS ENTERPRISES, INC., a California corporation, <br><br> PLAINTIFF(S) <br><br> v. <br><br> CHRONIC TACOS HUNTINGTON BEACH, INC., a Calif. corporation; ROB SLEENHOFF, an individual; LOES SLEENHOFF, an individual; DOES 1-10, inclu <br> DEFENDANT(S). | CASE NUMBER <br><br> **SACV10-01414 DOC (RNBx)** <br><br><br> **SUMMONS** |

TO:   DEFENDANT(S): <u>CHRONIC TACOS HUNTINGTON BEACH, INC., a California corporation,</u>
<u>ROB SLEENHOFF, an individual; LOES SLEENHOFF, an individual, and DOES 1-10, inclusive</u>

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, <u>James M. Mulcahy</u>, whose address is <u>One Park Plaza, Suite 225, Irvine, CA 92614</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __SEP 17 2010__

By: _____
AMY DeAVILA
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

FOR OFFICE USE ONLY

---

CV-01A (12/07)                                                SUMMONS