O

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRONIC TACOS ENTERPRISES, INC.,<br><br>                **Plaintiff(s),**<br><br>                v.<br><br>CHRONIC TACOS HUNTINGTON BEACH, INC., et al.,<br><br>                **Defendant(s).** | CASE NO. SACV 10-1414 DOC (RNBx)<br><br>**O R D E R GRANTING IN PART AND DENYING IN PART PARTIAL SUMMARY JUDGMENT** |

_____

      Before the Court is Plaintiff and Counterdefendant Chronic Tacos Enterprises Inc. ("CTE") and Counterdefendant Dan Biello ("Biello") and Counterdefendant Randall Wyner's ("Wyner") (collectively, "Counterdefendants") Motion for Partial Summary Judgment ("Motion for Partial Summary Judgment") (Docket 63). After considering the moving, opposing, and replying papers, [as well as oral argument], the Court hereby GRANTS IN PART AND DENIES IN PART the Motion for Partial Summary Judgment.

## I. BACKGROUND

In approximately February 2005, Defendant Rob Sleenhof ("R. Sleenhof") approached Wyner to discuss opening a Chronic Tacos restaurant in Huntington Beach. Statement of Undisputed Facts ("SUF"), 2. R. Sleenhof thereafter signed a lease in Huntington Beach. *Id.* In April 2005, R. Sleenhof, Biello, and Wyner signed documents to form Chronic Tacos Huntington Beach, Inc. ("CTHB"). *Id.* at 3. What exactly was said at that meeting is disputed. *Id.* On April 20, 2005, in their capacities as directors of CTHB, R. Sleenhof, Biello, and Wyner authorized the issuance of 1,000 shares of common stock of CTHB and issued 490 shares to R. Sleenhof, 255 shares to Wyner, and 255 shares to Biello. *Id.* In June 2005, R. Sleenhof, Biello, and Wyner executed a Shareholders Agreement ("Shareholders Agreement") in connection with the formation of CTHB. *Id.* at 4. The expectations for CTHB, as evidenced by earlier conversations, are heavily disputed, as is R. Sleenhof's understanding of the Shareholder Agreement at the time he signed it. *Id.* at 5-6. The facts surrounding Loes Sleenhof's ("L. Sleenhof") (collectively with R. Sleenhof, "the Sleenhofs") involvement in CTHB and the Shareholder agreement are also strongly disputed. *Id.* at 7-9. Counterclaimants also allege that the Shareholder Agreement "erroneously purported to transfer rights that the signatories did not have in the first place," as Chronic Tacos, Inc. ("CTI") had already licensed the Chronic Tacos name to Counterclaimants at the time the Shareholders Agreement was signed. *Id.* at 10.

Counterclaimants generally allege that in April 2005, Biello and Wyner made three misrepresentations that induced Counterclaimants to enter into the Shareholder Agreement. *Id.* at 15. Counterclaimants also argue that they reasonably relied on the misrepresentations by entering into the CTHB lease, financing the build-out, starting and operating the restaurant, and handling the day-to-day operations. *Id.* Counterdefendants bring the present Motion for Partial Summary Judgment only with respect to Counterclaimants' first cause of action for fraudulent inducement.

## II. LEGAL STANDARD

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

1  56(c). The court must view the facts and draw inferences in the manner most favorable to the
2  non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1992); *Chevron Corp. v.*
3  *Pennzoil Co.*, 974 F.2d 1156, 1161 (9th Cir. 1992). The moving party bears the initial burden of
4  demonstrating the absence of a genuine issue of material fact for trial, but it need not disprove
5  the other party's case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex Corp.*
6  *v. Catrett*, 477 U.S. 317, 323-25 (1986). When the non-moving party bears the burden of
7  proving the claim or defense, the moving party can meet its burden by pointing out that the non-
8  moving party has failed to present any genuine issue of material fact. *Musick v. Burke*, 913 F.2d
9  1390, 1394 (9th Cir. 1990).

10  Once the moving party meets its burden, the opposing party must set out specific facts
11  showing a genuine issue for trial; merely relying on allegations or denials in its own pleading is
12  insufficient. *See Anderson,* 477 U.S. at 248-49. A party cannot create a genuine issue of
13  material fact simply by making assertions in its legal papers. *S.A. Empresa de Viacao Aerea Rio*
14  *Grandense v. Walter Kidde & Co., Inc.*, 690 F.2d 1235, 1238 (9th Cir. 1982). Rather, there must
15  be specific, admissible evidence identifying the basis for the dispute. *Id.* The Supreme Court
16  has held that "[t]he mere existence of a scintilla of evidence . . . will be insufficient; there must
17  be evidence on which the jury could reasonably find for [the opposing party]." *Anderson*, 477
18  U.S. at 252.

19  **III. DISCUSSION**

20  Counterclaimants bring a claim for fraudulent inducement that alleges Biello and Wyner
21  made three separate false representations to the Sleenhofs. SACC, ¶ 142. First, Counterclaimants
22  allege that Biello and Wyner told them that "CTHB would always remain a 'corporate store' and
23  would not be part of any franchise." *Id.* The second alleged misstatement is that "CTHB could
24  use the Chronic Tacos name, logo's [sic], recipes, vendors and all other associated goods,
25  services, and marks for as long as Rob Sleenhof and Loes Sleenhof desired." *Id.* Finally,
26  Counterclaimants allege that Biello and Wyner told them that they "had no intention of
27  transferring any shares of CTHB without first providing notice to other shareholders and
28  allow[ing] Counterclaimants the right of first refusal. Counterdefendants seek summary

3

judgment on each of these alleged misstatements.

A. First and Second Alleged Misstatements

The Court previously dismissed Counterclaimants' fraudulent inducement claim in regard to the first and second alleged misstatements. *See* Docket 45. In its previous Order, the Court held that the first alleged misrepresentation - that CTHB would always remain a company store - was not actually a misstatement. *Id.* at 4. As such, the Court "decline[d] to consider" it in its analysis. *Id.* Similarly, the Court held that Counterclaimants failed to "plausibly state the element of justifiable reliance on the second alleged misrepresentation." *Id.* at 5. The only reason Counterdefendants' Motion to Dismiss was not granted in full was because the Court found that Counterclaimants had plausibly alleged a fraudulent inducement claim for the third alleged misrepresentation regarding the right of first refusal. Counterclaimants made the choice not to amend the SACC; as such, they cannot simply resurrect claims that this Court has previously dismissed. The Court's prior order was an outright dismissal of Counterclaimants' fraudulent inducement claim for the first and second misstatements, contrary to Counterclaimants' baseless assertion. Opposition, 13. Counterclaimants may not amend their complaint through an opposition to a motion for summary judgment. *Samica Enterprises, LLC v. Mail Boxes Etc. USA, Inc.,* No. CV 06-2800 ODW (CT), 2010 WL 807440, at *3 (C.D. Cal. Feb. 26, 2010) (citing *Speer v. Rand McNally & Co.,* 123 F.3d 658, 665 (7th Cir. 1997)). The Court will thus limit its consideration on the merits to the third alleged misrepresentation; as to the first two alleged misrepresentations, the Motion for Partial Summary Judgment is GRANTED.

B. Third Alleged Misstatement

The third alleged misstatement is that Biello and Wyner told Counterclaimants that they "had no intention of transferring any shares of CTHB without first providing notice to other shareholders and allow Counterclaimants the right of first refusal." SACC, ¶ 142. To state a claim for fraudulent inducement, a party must allege (1) misrepresentation, (2) knowledge of falsity, (3) intent to defraud, (4) justifiable reliance, and (5) resulting damage. *Lazar v. Superior Ct.,* 12 Cal. 4th 631, 638 (1996). Counterdefendants only challenge the justifiable reliance element. Motion for Partial Summary Judgment, 9.

Counterdefendants' primary assertion is that Counterclaimants could not have justifiably relied on promises of the right of first refusal when the Shareholder Agreement specifically provided for what would happen in the event that a right of first refusal was not offered. *Id.* at 10. Article V of the Shareholders Agreement contains restrictions on the transfer of shares, including a right of first refusal requirement. Section 5.7, however, sets forth limitations on the rights of any transferee who acquires stock in violation of Article V[1]. Motion for Partial Summary Judgment, 9. Counterdefendants argue that because the Shareholders Agreement explained the contingency plan in the event that shares were transferred without a right of first refusal, Counterclaimants could not have relied on any statements assuring them that there would be a right of first refusal. This argument is not persuasive.

Quite simply, a plain language comparison of the alleged misrepresentation and the Shareholders Agreement provision demonstrates that they do not directly contradict. Clearly, a person may express an intent not to do something he is legally permitted to do. For example, person may express an intent to give up junk food despite the fact that he is not legally obligated to do so. The present case is an even easier case. Here, Counterdefendants specifically signed a provision stating that there was a right of first refusal. Shareholders Agreement, Article V. It is not dispositive that there was a contingency plan set forth in the Agreement to cover the event that a party breached its requirement of offering first refusal. Contracts commonly contain clauses that provide for contingency plans in the event of breach. The existence of a contingency plan does not directly contradict the alleged assertions of a guaranteed right of first refusal. Even if the Shareholders Agreement is ultimately interpreted that Counterdefendants were not required to provide Counterclaimants with the right of first refusal, their promise to do may still be actionable. As such, there is a material issue of fact as to whether the alleged misrepresentations were actionable fraudulent inducement. Whether Counterclaimants' reliance

---

[1] For example, "[s]uch transferee shall only be entitled to become an Assignee and thereafter shall only receive the share of the Company's Net Profits, Net Losses and distributions of the Company's assets to which the transfer of such Economic Stock would otherwise be entitled." Motion for Partial Summary Judgment, 9.

was reasonable shall be left as a question of fact for the jury. *Broberg v. Guardian Life Ins. Co. of America,* 171 Cal. App. 4th 912, 929 (2009).

**IV. DISPOSITION**

For the aforementioned reasons, the Motion for Partial Summary Judgment is hereby GRANTED IN PART AND DENIED IN PART.

IT IS SO ORDERED.

DATED: November 28, 2011

*/s/ David O. Carter*

_____
DAVID O. CARTER
United States District Judge